**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

FILED
U.S. DISTRICT COURT

07 APR 27  AM 9: 54

SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS

Ward Scott Jolley,  )
 )
    Plaintiff,  )
 )
    v.  )  No.
 )
GC Services Limited Partnership, a  )
Delaware limited partnership,  )  **1 : 07 -cv- 0533 -RLY -JMS**
 )
    Defendant.  )  <u>Jury Demanded</u>

## COMPLAINT

Plaintiff, Ward Scott Jolley, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et seq.</u> ("FDCPA"), for a declaration that the Defendant's debt collection actions violate the FDCPA, and to recover damages for Defendant's violation of the FDCPA, and alleges:

### JURISDICTION AND VENUE

1.    This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.    Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

### PARTIES

3.    Plaintiff, Ward Scott Jolley ("Jolley"), is a citizen of the State of Indiana, residing in the Southern District of Indiana, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed to Capital One Bank.

4.    Defendant, GC Services Limited Partnership ("GC"), is a Delaware limited partnership that acts as a debt collector, as defined by § 1692a of the FDCPA, because

it regularly uses the mails and/or telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the Southern District of Indiana. In fact, GC was acting as a debt collector as to the debt it attempted to collect from Plaintiff.

## FACTUAL ALLEGATIONS

5.     On March 2, 2007, Defendant GC sent Mr. Jolley an initial collection letter to him at his address in Carmel, Indiana, a copy of which is attached as Exhibit A.

6.     Thereafter, on March 14, 2007, one of GC's debt collectors called Mr. Jolley at 11:12 p.m.. Mr. Jolley explained to GC's debt collector that although the number GC called was for a Washington state are code, that as GC's collection letter showed, he lived in Indiana. GC's debt collector indicated that the call was no mistake, that GC knew he lived in Indiana. Mr. Jolley also told GC's collector that he lived with his sister and her three children and that late night calls were very disruptive.

7.     Nonetheless, that same evening, only eight minutes later, at 11:20 p.m. GC's debt collector, "Taylor" again called Mr. Jolley. Mr. Jolley again asked that GC not call him after 9:00 p.m.

8.     Thereafter, on March 27, 2007, GC's debt collector "Justin" called Mr. Jolley at 10:15 p.m. and told Mr. Jolley that the matter was in "pre-legal". Mr. Jolley again demanded that the late night calls stop and asked to speak with a manager. Accordingly, Mr. Jolley was referred to "Michael", who assured Mr. Jolley that no more late night calls would be made; however, while Mr. Jolley was on the phone with GC's Michael there was another call coming in from GC at 10:32 p.m.

2

9.      Moreover, that same evening, after Mr. Jolley concluded the telephone call with Michael, GC called him again at 10:58 p.m.

10.     All of GC's collection actions at issue in this matter occurred within one year of the date of this Complaint.

11.     The statements made by GC in its collection communications are to be interpreted under the "unsophisticated consumer" standard.  See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

### COUNT I
### Violation Of § 1692d Of The FDCPA –
### Harassing And Abusive Telephone Calls

12.     Plaintiff adopts and realleges ¶¶ 1-11.

13.     Section 1692d of the FDCPA prohibits a debt collector from engaging in any conduct, the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt, see 15 U.S.C. § 1692d.

14.     Defendant, by calling Mr. Jolley continuously after 9:00 p.m. even after being told to not call him after 9:00 p.m. and by claiming that his account was in "pre-legal", engaged in conduct, the natural consequence of which was harassing, oppressive and abusive, in violation of § 1692d of the FDCPA.

15.     Defendant's violations of § 1692d of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

### COUNT II
### Violation Of § 1692c(a)(1) Of The FDCPA –
### Communicating With A Consumer Late At Night

16.     Plaintiff adopts and realleges ¶¶ 1-11.

3

17.     Section 1692c(a)(1) prohibits a debt collector from calling a consumer at any unusual time or place, or at a time or place known, or which should be known, to be inconvenient to the consumer; moreover, a debt collector is required to assume, in the absence of knowledge of circumstances to the contrary, that the convenient time for communication with a consumer is after 8:00 a.m. and before 9:00 p.m. at the consumer's location.  Thus, telephone calls after 9:00 p.m. are presumed to be inconvenient, see, 15 U.S.C. § 1692c(a)(1).

18.     Defendant, who knew that Mr. Jolley was in Indiana, repeatedly called Mr. Jolley after 9:00 p.m., which is presumed inconvenient by the FDCPA; moreover, Mr. Jolley repeatedly demanded that the late night calls stop because they were very disruptive.  Thus, Defendant, by repeatedly calling Mr. Jolley after 9:00 p.m., violated § 1692c(a)(1) of the FDCPA.

19.     Defendant's violation of § 1692c(a)(1) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

### COUNT III
### Violation Of § 1692g Of The FDCPA --
### Ineffectively Conveying The 30-Day Validation Notice

20.     Plaintiff adopts and realleges ¶¶ 1-11.

21.     Section 1692g of the FDCPA requires that, within 5 days of Defendant American's first communication to a consumer, an effective validation notice must be provided, i.e., notice that the consumer has 30 days to challenge the validity of the debt and seek verification of it.

4

22.     Here, although Defendant GC's March 2, 2007 letter contains the notice required by § 1692g of the FDCPA, that notice was overshadowed, and thus rendered ineffective, by GC's repeated late night phone calls demanding payment of the debt and reference to the account being in "pre-legal". Accordingly, Defendant violated § 1692g of the FDCPA by failing to adequately convey the 30-day validation notice.

23.     Defendant's violation of § 1692g of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**PRAYER FOR RELIEF**

Plaintiff, Ward Scott Jolley, prays that this Court:

1.     Declare that Defendant's collection practices violate the FDCPA;

2.     Enter judgment in favor of Plaintiff Jolley and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3.     Grant such further relief as deemed just.

**JURY DEMAND**

Plaintiff, Ward Scott Jolley, demands trial by jury.

Ward Scott Jolley,

By: _____
One of Plaintiff's Attorneys

Dated: April 27, 2007

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Bonnie C. Dragotto  (Ill. Bar No. 06286065)
Gomolinski & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)

Steven J. Halbert     (Ind. Bar No. 14254-02)
598 West Carmel Drive
Suite E
Carmel, Indiana 46032
(317) 334-7090
(317) 848-3758 (FAX)